**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-1970**

_____

CECIL D. B. KING, JR.; CECILIA KING GANTT; CHARLENE KING
PERDUE; GINA BEATE CERA KING; MURIEL KING DE'TOLES; CHRISTA
KING; MATHIAS AHRENS; CYRIL D. B. KING,

            Plaintiffs – Appellants,

      v.

THE BANK OF NEW YORK MELLON,

            Defendant – Appellee.

_____

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.  Anthony J. Trenga,
District Judge. (1:12-cv-01230-AJT-TCB)

_____

Argued: September 16, 2014       Decided: November 6, 2014

_____

Before NIEMEYER, WYNN, and FLOYD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ARGUED:** W. Scott Greco, GRECO & GRECO, PC, McLean, Virginia, for
Appellants.  Amy Elizabeth Miller, MCGUIREWOODS LLP, Tysons
Corner, Virginia, for Appellee.  **ON BRIEF:** Frederick D. Greco,
GRECO & GRECO, PC, McLean, Virginia, for Appellants.  John D.
Wilburn, Stephen P. Mulligan, Anastasia P. Cordova, MCGUIREWOODS
LLP, Tysons Corner, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cecil D.B. King, Jr. and his siblings ("Plaintiffs") appeal the district court's order denying their motion for summary judgment and granting summary judgment to defendant The Bank of New York Mellon. Plaintiffs advanced several theories arguing that The Bank of New York Mellon owes them more than $5,000,000 related to discharged certificates of deposit ("CDs") that they currently possess. Finding no reversible error, we affirm the district court's grant of summary judgment.

We review a district court's grant of summary judgment de novo. Glynn v. EDO Corp., 710 F.3d 209, 213 (4th Cir. 2013). And though we view the facts in the light most favorable to the nonmoving party, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Conclusory or speculative allegations do not suffice, nor does a mere scintilla of evidence in support of [the nonmoving party's] case." Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 649 (4th Cir. 2002) (internal quotation marks omitted).

When their father died in 1998, Plaintiffs found five CDs in a box of cancelled checks in his apartment. King v. Bank of New York Mellon Corp., NB, 957 F. Supp. 2d 680, 681–82 (E.D. Va. 2013). First National Bank of Chicago issued the CDs in 1976.

3

Id. at 681. The five CDs were made payable to "Bearer," each with a face value of $1,000,000. Id. The CDs matured on July 28, 1977, with a full value of $5,329,513.90, representing both principal and 6.5% interest. Id. On July 28, 1977, Morgan Guaranty Trust Company of New York, acting as First National Bank of Chicago's agent, paid Irving Trust Company, which then physically possessed the CDs, their full value. Id.

The Bank of New York Mellon is Irving Trust Company's successor in interest. Plaintiffs advanced several theories alleging that The Bank of New York Mellon owes them the CDs' full value plus interest that would have accrued since 1977. Upon careful review of the voluminous record, we must agree with the district court that Plaintiffs, as holders of discharged bearer instruments, have not made a successful claim against The Bank of New York Mellon, which has been discharged from all liability on the CDs. Id. at 684–88; see also N.Y. U.C.C. §§ 3-601(3)(b) & 3-603.

Under N.Y. U.C.C. § 3-603, "[t]he liability of any party is discharged to the extent of his payment or satisfaction to the holder . . . ." Here, Morgan Guaranty Trust Company of New York paid the full value of the CDs to Irving Trust Company, which was undisputedly at that time the "holder" because it physically possessed the CDs. King, 957 F. Supp. 2d at 681. This payment

4

discharged "all parties" under N.Y. U.C.C. § 3-601.[*]  Further, as to their claims sounding in contract, quasi-contract, and fiduciary relationship, Plaintiffs have provided no evidence to support their allegations.

In sum, we affirm the district court's entry of summary judgment in favor of The Bank of New York Mellon.

AFFIRMED

---

[*]  This discharge renders moot Plaintiffs' indorsement-in-blank theory relating to the Irving Trust Company stamp on the back of the CDs.  Even assuming a valid indorsement in blank, the payment discharged the Irving Trust Company and its successor in interest, The Bank of New York Mellon, from all liability on the CDs.  See N.Y. U.C.C. §§ 3-601(3)(b) & 3-603.

5